Tamara Kraemer BORLAND,
an individual, Plaintiff—
Appellant,

v.

QWEST CORPORATION, a foreign
Corporation, welfare benefit plan
sponsor for the U.S. West Disability
Plan; U.S. West Employees' Benefit
Committee, Administrator for the U.S.
West Disability Plan; U.S. West Pen-
sion Plan Trust Fund; Qwest Com-
munications International Inc, Defen-
dants—Appellees.

No. 04-35693.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted April 6, 2006.

Decided April 17, 2006.

Michael A. Jacobson, Esq., The Law
Office of Michael A. Jacobson, Seattle,
WA, for Plaintiff–Appellant.

Wayne W. Hansen, Esq., Aaron Roblan,
Esq., Jackson Lewis LLP, Seattle, WA,
Daniel Grossman, Esq., Elizabeth Kiovsky,
Esq., Shannon Way Roberts, Esq., Baird

**630**

Law Firm, Denver, CO, for Defendants–Appellees.

Before: CANBY, GOULD, and BEA, Circuit Judges.

### MEMORANDUM *

Borland appeals the district court's grant of summary judgment in favor of Qwest.[1] The district court dismissed Borland's claim that Qwest's predecessor, U.S. West, improperly denied her claim for long-term disability ("LTD") benefits under the Employee Retirement Income Security Act ("ERISA"). Borland argues (1) that the district court erred in concluding that Borland did not exhaust her remedies under the LTD plan, and (2) that exhaustion should be excused because the notice of claim denial was inadequate.[2]

■ Although not explicitly set out in ERISA, "[q]uite early in ERISA's history, we announced as the general rule governing ERISA claims that a claimant must avail himself or herself of a plan's own internal review procedures before bringing suit in federal court." *Diaz v. United Agric. Employee Welfare Benefit Plan & Trust,* 50 F.3d 1478, 1483 (9th Cir.1995). Here, the appeal process was described to Borland in the claim denial letter, which she received from Kelly Candelaria, an employee with the U.S. West Health Ser-

vices Group. Borland argues that a fax she sent to Candelaria was sufficient to trigger the internal appeal process, and so the district court incorrectly held that Borland did not exhaust her remedies under the Plan. We reject Borland's argument. Borland's fax did not specify that she wished to appeal, it did not present any new information, and it was not addressed to the Appellate Committee as directed in the claim denial letter. Further, Candelaria called Borland to inform her that the fax did not change the denial and that Borland should go through the appeal process. We hold that the district court correctly concluded that Borland's fax was not an appeal, and accordingly that Borland did not exhaust her remedies under the Plan.

We next analyze whether the district court abused its discretion in declining to excuse the exhaustion requirement. If the district court finds that a claimant did not exhaust his or her remedies under the plan, it may excuse the exhaustion requirement under some circumstances. *See Dishman v. UNUM Life Ins. Co.,* 269 F.3d 974, 984 (9th Cir.2001) (exhaustion may be excused when the claimant had "inadequate notice of both the denial of his claim and the available appeals procedure"); *Amato v. Bernard,* 618 F.2d 559, 568–69 (9th Cir.1980) (exhaustion may be excused when the remedy under the appeal process is inadequate or the appeal is futile).

■ Borland argues that the district court should have excused the exhaustion

---

\* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36–3.

1. Whether exhaustion principles apply is a question of law that we review de novo. *Diaz v. United Agric. Employee Welfare Benefit Plan & Trust,* 50 F.3d 1478, 1483 (9th Cir. 1995). "But if that question gets an affirma-

tive answer, the District Court's decision not to grant an exception to the application of those principles is reviewed for abuse of discretion." *Id.*

2. Because the parties are familiar with the factual and procedural history, we recount it here only to the extent necessary to understand our decision.

requirement because Borland received insufficient notice of the claim denial. First, Borland argues that Qwest erred in not notifying Borland in writing that her appeal, in the form of the fax described above, had been denied. But because we hold that Borland's fax was not an appeal, the Plan was not required to notify Borland of action taken in response to the fax. Further, the record shows that Borland received notice of Qwest's decision that the fax did not change the decision on the claim, and that if Borland disagreed she should go through the appeal process. It was not an abuse of discretion for the district court to decline to excuse exhaustion on this ground. Second, Borland argues that the initial claim denial letter did not adequately specify why her claim was denied. The denial letter stated that Borland's claim was denied based on vocational assessments showing that several employers in the Seattle area could accommodate the work restrictions that Borland's care provider had said were necessary. These vocational assessments were appended to the denial letter. It was not an abuse of discretion for the district court to find that the denial letter provided sufficient notice to Borland regarding the reasons for denial of her claim.[3]

**AFFIRMED.**

---

3. Because we hold that Borland did not exhaust her remedies under the Plan, and that the district court did not abuse its discretion when it declined to excuse exhaustion, we do not reach the remaining issues that Borland raises concerning the standard of review and the merits of her claim.